UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIKHAIL FEYGENBERG,** | CASE NO. 20-cv-00825-YGR |
| Plaintiff, | |
| vs. | **ORDER GRANTING IN PART MOTION TO DISMISS; REMANDING CASE TO STATE COURT** |
| **MCROSKEY MATTRESS COMPANY,** | Re: Dkt. Nos. 9, 21 |
| Defendant. | |

On June 14, 2019, plaintiff Mikhail Feygenberg filed a first amended complaint in San Francisco County Superior Court asserting state law claims for age discrimination, intentional infliction of emotional distress ("IIED"), wrongful termination in violation of public policy, and retaliation.  Defendant McRoskey Mattress Company removed the action on February 4, 2020, maintaining that plaintiff's claims for wrongful termination and retaliation were intertwined with a collective bargaining agreement between defendant and Carpenter's Union Local 2236 ("CBA"), and thus, were preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section 185(a).

Now before the Court are plaintiff's motion to remand the action to state court and defendant's motion to dismiss.  Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court (1) **GRANTS** defendant's motion to dismiss the wrongful termination and retaliation claims **WITH PREJUDICE**, and (4) **REMANDS** the remaining claims to the San Francisco County Superior Court.[1]

---

[1] Defendant's request for judicial notice of the CBA is **GRANTED**.  *See Wood v. Marathon Ref. Logistics Serv. LLC*, No. 19-CV-04287-YGR, 2019 WL 6612252, at *2 n.1 (N.D. Cal. Dec. 5, 2019) (taking judicial notice of collective bargaining agreements in employment dispute).

United States District Court
Northern District of California

**I.      BACKGROUND**

The operative complaint alleges as follows:

Plaintiff began working for defendant in a union position in or around 1995.  Plaintiff later was promoted to a non-union engineering position.  In 2017, defendant told plaintiff that his position as senior engineer was being eliminated.  Plaintiff was demoted to a production position, which resulted in a loss of seniority, compensation, and benefits.  Plaintiff rejoined the union.  Defendant told plaintiff that once demoted, he was not to perform engineering work because it was outside the scope of the production job.

Shortly after demoting plaintiff, and notwithstanding its earlier representations, defendant began demanding that plaintiff perform engineering work himself and train a much younger employee in the engineering work that plaintiff performed in his previous role.  Defendant told plaintiff that if he did not train the other employee, he would be disciplined.  Plaintiff raised concerns about performing non-union work.  Shortly thereafter, defendant placed defendant "on warning."  On June 30, 2017, just before his probationary status to formally join the union ended, defendant terminated plaintiff.  Plaintiff was 62 years old at the time.

**II.      PREEMPTION UNDER SECTION 301 OF THE LMRA**

As an initial matter, the Court considers whether the wrongful termination and retaliation claims are preempted, such that the Court has jurisdiction to review the motion to dismiss.

Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  The "preemptive force of [section] 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983) (internal quotation marks omitted).  To determine whether a claim is preempted by section 301, the Court must first consider "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA."  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  If the right exists solely as a result of a CBA, the claim is preempted.  *Id.*  If, however, the right exists independently of a CBA, the court must consider "whether it is nevertheless 'substantially dependent on analysis of a

collective-bargaining agreement.'" *Id*. (quoting *Caterpillar,* 482 U.S. at 394).  If so, the claim is preempted.  *Id*. at 1059-60.  If not, the claim may proceed under state law.  *Id*.

In the operative complaint, plaintiff alleges that he worked for defendant for over 20 years before he was demoted from senior engineer to a union production position.  Plaintiff alleges that thereafter, while he was on "probation status" with the union, defendant demanded that he continue performing non-union engineering work and later terminated him.  In his causes of action for wrongful termination in violation of public policy and retaliation, plaintiff alleges that he was terminated for "asserting that he had to honor union policies, rules and procedures."  Plaintiff does not dispute that these policies, rules, and procedures, which are the foundation for his claims, derive from the CBA. Indeed, plaintiff does not point to any independent state law basis for claiming that he was wrongfully terminated and experienced retaliation.  Because the right asserted exists "solely as a result of the CBA," the claim is preempted.  *See Allis-Chambers Cor. v. Lueck,* 471 U.S. 202, 213 (1985) (holding that a suit alleging a violation of a labor contract must be brought under Section 301).

Additionally, the claims are preempted because they require analysis of the CBA.  Plaintiff alleges that his demotion and termination violate public policy because defendant "demand[ed] that he violate union policies" and retaliated against him for "asserting his need to honor union policies and procedures."  Plaintiff further alleges that defendant terminated him "right before his probationary status to formally join the union ended."  Resolution of these factual issues requires interpretation of the CBA, including any terms related to whether union employees can perform non-union work, whether defendant may assign non-union work to union employees, which employees qualify as "probationary," and the extent to which the CBA's provisions apply to "probationary" employees.

Plaintiff's sole argument against preemption is that plaintiff was a "temporary employee" on "probation status" when he was terminated, and by its own terms, the CBA does not apply to such employees.  In support of this argument, plaintiff points to three CBA provisions:

> 3.1 **Right to Discharge.**  The Employer shall have the right to discharge any employee for just cause.  In the event any new employee is adjudged unsatisfactory

United States District Court
Northern District of California

by the Employer, the Employer reserves the right to discharge such employee *during a probationary period which shall be the first (90) days of said employment*. A written notice will be given to an employee and to the Union when an employee's employment is terminated.

3.2 **Right of Appeal.** It is agreed that in case *any employee is discharged after the probationary perio*d or feels that he has been unjustly dealt with, the matter shall be adjusted by a Shop Steward and the Employer. In case said Shop Steward and the Employer are not able to dispose of the matter to the mutual satisfaction of the parties, it shall be adjusted through the procedure provided in Section 5 of this Agreement. The employee affected must file the complaint in writing with the Shop Steward or Business Representative and the Employer within four (4) working days from the date of discharge, otherwise the right of appeal is lost.

**SECTION 24**
. . . . The Employer reserves the right to hire *temporary employees or engage temporary workers* (collectively 'temporary workers') *for up to 90 calendar days* . . . . The Employer may discipline or discharge any such temporary worker at its discretion with or without just cause, and *such action will not be subject to the grievance and arbitration procedures of this Agreement*.

(Emphasis supplied.)

Plaintiff's argument fails to persuade. Whether plaintiff was a "temporary worker" exempt from the CBA's "grievance and arbitration procedures" requires interpretation of the agreement, especially given his admission that he worked for defendant for 20 years. Further, even assuming plaintiff was a "temporary worker," the above-referenced provisions demonstrate only that certain processes related to discipline, discharge, and appeal may not apply. By arguing that he was wrongfully terminated and experienced retaliation for asserting his right to comply with union policies set forth in the CBA, plaintiff puts portions of CBA at issue even if the disciplinary provisions do not apply.

Finally, *Young v. Anthony's Fish Grotto*, 830 F.2d 993, 998 (9th Cir. 1987), on which defendant relies, is in accord. In *Young*, the Ninth Circuit determined that a probationary employee's claims for breach of a CBA were preempted by the section 301 notwithstanding "the fact that Young's probationary status might ultimately bar an effective remedy under the CBA." With respect to plaintiff's claim for wrongful termination in violation of public policy, the court found the claim preempted because plaintiff failed "to identify any state statute or other relevant public policy of California protecting" the asserted right. Similarly, here, although plaintiff may

4

1  not have the ability to grieve his discharge under the CBA, that does not preclude preemption of

2  claims that are intertwined with the CBA.  Plaintiff also has not identified any California public

3  policy that protects his right to follow union rules and procedures.

4  **III.**    **MOTION TO DISMISS**[2]

5       Because plaintiff's claims are preempted under section 301, the Court has jurisdiction to

6  consider defendant's motion to dismiss.

7       A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

8  sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200

9  (9th Cir. 2003).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

10  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

11  F.2d 696, 699 (9th Cir. 1990).  All allegations of material fact are taken as true and construed in

12  the light most favorable to the plaintiff.  *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th

13  Cir. 2011).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter,

14  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

15  U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)).

16       Defendant avers that plaintiff's claims for wrongful termination in violation of public

17  policy and retaliation are time-barred under section 301 of the LMRA.  In response, plaintiff

18  reiterates the arguments raised in its remand motion, namely, that these claims are not preempted

19  by section 301.  As previously explained, plaintiff's arguments on this issue fail to persuade.

20  Thus, the Court construes plaintiff's wrongful termination and retaliation claims as section 301

21  claims, which are subject to a six-month statute of limitations.  *See Allen v. United Food &*

22  *Commercial Workers Int'l Union*, 43 F.3d 424, 426 (9th Cir. 1994).  A section 301 claim "accrues

23  when the plaintiff knew, or should have known, of the defendant's wrongdoing and can

24  successfully maintain a suit in court."  *Id.* at 427.  Here, plaintiff alleges that he experienced

25

26      [2] Defendant's reply argues that the Court should grant its motion to dismiss because
plaintiff failed to file its opposition in a timely manner.  Similarly, plaintiff's sur-reply argues that

27  the motion to dismiss should be stricken for failure to comply with Civil Local Rule 7.2(a), which
requires 35-day notice for a hearing on a motion.  While both parties appear to have made

28  procedural errors, these errors are trivial here.  The Court finds it appropriate to consider the
motion on the merits.

retaliation and was wrongfully terminated on June 30, 2017.  Plaintiff filed his complaint nearly two years later, on June 14, 2019.  As such, plaintiff's claims for wrongful termination and retaliation are untimely.  Further, because amendment would be futile, the claims are **DISMISSED WITH PREJUDICE**.[3]

## IV.   PERMISSIVE REMAND

Defendant removed this action to federal court based on the wrongful termination and retaliation claims only.  That is, defendant contended that these claims were preempted, which established federal jurisdiction, and that the Court thus had supplemental jurisdiction over plaintiff's claims for age discrimination and IIED.  Having dismissed with prejudice the wrongful termination and retaliation claims, the Court considers whether to retain plaintiff's supplemental state claims or remand them to state court.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Acri v. Varian Associates*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citation omitted).  Factors the Court considers when deciding whether to retain jurisdiction over supplemental state claims include judicial economy, convenience, fairness, and comity.  *Id*.  Here, apart from ruling on the instant motions to remand and dismiss, the Court has had limited involvement in this case.  Further, it is preferable as a matter of comity for a state court judge to apply state law to plaintiff's remaining state law claims.  Thus, while the factors of convenience and fairness appear neutral, the Court finds the scales tip in favor of remand.  As such the Court **ORDERS** that the remaining claims be remanded back to state court.  Given the Court's decision to remand, the Court will leave to the state court to resolve the issues with respect to the state claims.

## V.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the wrongful termination and retaliation claims is **GRANTED WITH PREJUDICE**.  Further, in light of the Court's dismissal of the

---

[3] Because the Court finds the wrongful termination and retaliation claims fail, the Court need not consider defendant's arguments that plaintiff failed to exhaust his administrative remedies or failed to plead requisite elements of the claims.

United States District Court
Northern District of California

wrongful termination and retaliation claims, the Court **REMANDS** the remaining claims to San Francisco County Superior Court.  The Clerk of Court is directed to remand the case and close the file.

    This Order terminates Docket Numbers 9 and 21.

    **IT IS SO ORDERED.**

Dated: July 16, 2020

                                 **YVONNE GONZALEZ ROGERS**
                          **UNITED STATES DISTRICT COURT JUDGE**